# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD D. DIGGS, | Case No.: 2:09-cv-02339-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | |
| METRO POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

The Court has been directed by the Ninth Circuit Court of Appeals to review *the in forma pauperis* status of Plaintiff Ronald Diggs. (Dkt. #29, Referral Notice). For the reasons discussed below, the Court revokes Diggs' *in forma pauperis* status.

### BACKGROUND

On December 9, 2009, Diggs filed this lawsuit pursuant to 42 U.S.C. § 1983, and the Court allowed him to proceed *in forma pauperis*. (Dkt. #13, Order). The Court later dismissed all of Diggs' claims because he failed to notify the Court of his current address, in violation of Rule 2-2 of the Local Rules of Special Proceedings and Appeals. (Dkt. #17, Order, Oct. 20, 2010). After the Court dismissed Diggs' claims, he filed a notice of change of address as well as a motion to reconsider the Court's order dismissing his claims. The Court denied Diggs' motion. (Dkt. # 25, Order, June 28, 2011). Diggs then appealed the Court's order denying his motion to reconsider to the Ninth Circuit. (Dkt. #26, Notice of Appeal, July 25, 2011).

AO 72
(Rev. 8/82)

**DISCUSSION**

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if, in the absence of evidence of some improper motive, it is plainly frivolous. *Ellis v. United States*, 356 U.S. 674, 674–75 (1958).

The Court finds that Diggs' appeal is frivolous because there is no legal basis upon which he could challenge the Court's denial of his motion to reconsider. Local Rule 2-2 clearly states that the failure to provide the Court with "written notification of any change of address . . . may result in dismissal of the action with prejudice." That Diggs was aware of this local rule is evident in the fact that he had notified the Court of a change in his address on two occasions prior to the Court's dismissal of his claims. (Dkt. ##2, 6). Despite this awareness, Diggs allowed more than two months to pass without notifying the Court that he had changed his address. It is therefore clear from the record that Diggs violated Local Rule 2-2. Consequently, the Court's dismissal of his claims on that basis was proper.

In addition to violating Local Rule 2-2, Diggs has been less than diligent in pursuing his claims. After the Court dismissed Diggs' claims for failure to comply with Local Rule 2-2, he waited more than six months to file his motion for reconsideration, the denial of which he has appealed to the Ninth Circuit. Diggs' delay in filing his motion to reconsider confirmed the indifference and lack of diligence he has displayed in pursuing this case—the very issues Local Rule 2-2 is designed to address. Accordingly, the Court finds that Diggs' appeal is frivolous and as such the Court revokes his *in forma pauperis* status.

///
///
///
///
///

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Diggs' *in forma pauperis* status is revoked. The Court orders the Clerk of Court to immediately NOTIFY the parties and the Ninth Circuit Court of Appeals of this order.

Dated: August 4, 2011

_____
ROGER L. HUNT
United States District Judge