UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RONALD D. DIGGS, | ) | Case No.: 2:09-cv-02339-RLH-RJJ |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion to Dismiss–#49) |
| METRO POLICE DEPT; SGT. WALBURN #5642; OFFICER ROBERTS #5802, | ) ) ) | |
| Defendants. | ) | |

   This is a § 1983 excessive force case arising from the arrest of Plaintiff Ronald D. Diggs ("Plaintiff"). Before the Court are Plaintiff's **Motion for Summary Judgment** (#44, filed May 16, 2013) and Defendants Metro Police Dept., Sgt. Walburn, and Officer Robert's (collectively "Defendants") **Motion to Dismiss** (#49, filed Jun. 7, 2013). For the reasons discussed below, Plaintiff's Motion for Summary Judgment is denied as premature, and the Court's determination on Defendants' Motion to Dismiss is stayed.

   Plaintiff Ronald D. Diggs ("Plaintiff") brought this action against Defendants alleging that his civil rights had been violated during his April 19, 2009 arrest. The Court originally dismissed Plaintiff's case, but recently reinstated it on mandate from the Circuit Court.

AO 72
(Rev. 8/82)

1   Shortly after reinstatement, Plaintiff, acting *pro se*, filed a Motion for Summary Judgment, but did
2   so before serving the reinstated Complaint on Defendants.  Thus, Defendants were apprised of the
3   Motion only by inspecting the docket after service was actually accomplished.  Defendants filed a
4   Motion to Dismiss for failure to state a claim, and stipulated with Plaintiff's newly retained
5   counsel to extend the deadline for their Response to the Motion for Summary Judgment.
6   Defendants have not yet filed an Answer to the Complaint.

7   　　　　Regarding the Motion for Summary Judgment, the Court finds that the Motion is
8   premature.  Defendants have not filed an Answer to the Complaint, and still have opportunity to do
9   so under the deadlines set by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(b)
10  advisory committee notes, 2010 Amendments.  In fact, Defendants were not even served with the
11  reinstated Complaint until after this Motion was filed. Consequently, Defendants have not had an
12  opportunity to present any defenses to the claims, and neither party has had opportunity to conduct
13  discovery or develop their claims.  It is simply too early in the proceedings for the Court to
14  determine whether genuine issues of material fact exist and if Plaintiff is entitled to judgment as a
15  matter of law.  Thus, Plaintiff's Motion for Summary Judgment is denied.

16  　　　　Regarding the Motion to Dismiss, the Court will stay determination to allow
17  Plaintiff's newly retained counsel opportunity to file an Amended Complaint.  In Plaintiff's
18  Response to Defendants' Motion to Dismiss, Plaintiff's counsel represents that, due to the recency
19  of retention, counsel has "not had adequate time to fully investigate the facts and allegations
20  pertaining to Plaintiff's complaint," but "believes that a proposed First Amended Complaint and
21  Motion to Amend Complaint will be filed."  As such, the Court does not wish to rule on the
22  pending Motion to Dismiss and issue what could in effect be an advisory opinion regarding the
23  sufficiency of Plaintiff's claims.  Thus, the Court finds it prudent to stay determination on the
24  Motion to Dismiss for thirty (30) days.  During that time, Plaintiff may bring a Motion to Amend
25  or a more responsive Opposition to the pending Motion to Dismiss.  If Plaintiff brings a successful
26  Motion to Amend, Defendants' will then have sixty (60) days from the date of the Court's Order

AO 72
(Rev. 8/82)

granting amendment to file an Amended Motion to Dismiss, any other defensive motion, or Answer. Deadlines of additional filings will be governed by the Federal Rules of Civil Procedure.

  IT IS SO ORDERED.

  Dated: June 25, 2013.

                _____
                **ROGER L. HUNT**
                **United States District Judge**