UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RONALD D. DIGGS, | ) | Case No.: 2:09-cv-02339-RLH-RJJ |
| Plaintiff, | ) ) ) | **O R D E R** |
| vs. | ) ) | (Motion to Dismiss–#62) |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; SGT. D. WALBURN, individually; OFFICER T. ROBERTS, individually, and JOHN DOES I-X, inclusive, | ) ) ) ) ) ) | |
| Defendants. | | |

Before the Court is Defendants Las Vegas Metropolitan Police Department, Sgt. D. Walburn, and Officer T. Roberts' (collectively, "Defendants") **Motion to Dismiss** (#62, filed Oct. 9, 2013) for failure to state a claim. The Court has also considered Plaintiff's Opposition (#65, filed Nov. 4, 2013), and Defendants' Reply (#66, filed Nov. 12, 2013). For the reasons discussed below, the Court denies Defendants' Motion.

**BACKGROUND**

This is a § 1983 case alleging excessive force during an arrest. The Complaint sets forth the following allegations:

1

AO 72
(Rev. 8/82)

  While walking down the sidewalk, Plaintiff Ronald D. Diggs ("Plaintiff") was tackled from behind by Defendant Officer Roberts ("Roberts") without warning or announcement of Robert's presence, intent, or authority. Plaintiff was then handcuffed and Defendants Roberts and Walburn inquired if he was injured while informing him if he claimed an injury, he would be taken to jail. Plaintiff communicated that he was injured and requested treatment. Plaintiff was examined by the Las Vegas Fire Department and found to have been injured, whereupon he was transported to University Medical Center for treatment knee, neck, and back injuries. Plaintiff was then transported to the Clark County Detention Center. Plaintiff was eventually charged with failure of an ex-felon to change address, pedestrian on roadway, trespass, and littering. Plaintiff pled guilty to one charge and was released. Plaintiff is still undergoing treatment for the injuries he sustained in the arrest.

  On December 9, 2009, Plaintiff first brought suit alleging that the manner in which the officers affected his arrest violated his constitutional rights. After a somewhat complicated procedural history, Plaintiff brought this Amended Complaint on August 21, 2013 alleging violation of constitutional rights and adding state law claims for intentional and negligent infliction of emotional distress, battery, assault, and negligence. Defendants now move to dismiss Plaintiff's state law claims arguing they are barred by the applicable statute of limitations. Defendants also move to dismiss Plaintiff's Fourteenth Amendment claim as it is more properly pled under the Fourth Amendment.

**DISCUSSION**

**A. Legal Standard**

  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the

assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 678.

While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" and "[f]actual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.  When the claims in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. *Id*.

**B. Analysis**

*1. State Law Claims*

Defendants argue that the state law claims included in the Amended Complaint are barred by the statute of limitations.  The applicable statute of limitations for Plaintiff's state law claims is two years.  NRS 11.190(4).  Plaintiff's original complaint was filed within that period, but it did not include these state law claims.  Defendants argue that because these legal theories were omitted from the original complaint, they cannot relate back to the date of original filing.  Accordingly, Defendants assert that the claims are barred and no longer actionable.

Whether an additional claim included in an amended complaint relates back to the date of the original filing is governed by Fed. R. Civ. P. 15(c).  Under Rule 15(c), the amendment relates back when it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "Claims arise out of the same conduct, transaction, or occurrence if they 'share a common core of operative facts,' such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (citing *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325-26 (9th Cir. 1989); *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988)).  Thus, relation back is allowed when the original pleading adequately put the defendant on notice of the facts which ultimately underlie the new claim.  *See Percy*, 841 F.2d at 979.

3

Plaintiff's state law claims relate back to the original filing because they are based on the same facts as those pled in the original complaint. Plaintiff's claims for intentional and negligent infliction of emotional distress, battery, assault, and negligence are all rooted in the allegations of Officer Robert's use of excessive force in effectuating Plaintiff's arrest. These factual allegations appear in the underlying complaint and also form the basis for Plaintiff's Constitutional claims. Thus, the claims share a common core of operative facts and the same evidence would tend to prove both sets of claims. Because the original pleading adequately put Defendants on notice of the facts that underlie Plaintiff's state law claims, the amendment relates back to the date of the original filing, and the claims are not barred by the statute of limitations.

*2. Constitutional Claims*

Defendants also contend that Plaintiff's first cause of action in the Amended Complaint improperly relies on the Fourteenth Amendment. Defendants argue that the proper mechanism for pleading an excessive force claim is under the Fourth Amendment. The Court agrees. "Where a claim can be analyzed under 'an explicit textual source' of rights in the Constitution, a court may not also assess the claim under another, 'more generalized,' source." *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029 (9th Cir. 2002) (quoting *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). Here, the Fourth Amendment provides an explicit textual source of constitutional protection for use of excessive force and unlawful arrest, while the Due Process clause of the Fourteenth Amendment provides more generalized protection. Nonetheless, as Plaintiff's first cause of action also contains allegations relating to the Fourth Amendment, the claim need not be dismissed. The parties are informed, however, that Plaintiff's first cause of action will be analyzed under the Fourth, not the Fourteenth, Amendment.

\\\

\\\

\\\

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#62) is DENIED.

Dated: November 20, 2013.

_____
ROGER L. HUNT
United States District Judge